IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| JEROME WANT, | * |
| Plaintiff, | * |
| v. | * Civil Action No. PWG-18-2833 |
| SHINDLE PROPERTIES, LLC, et al., | * |
| Defendants. | * |
| | *** |

## MEMORANDUM OPINION AND ORDER

Plaintiff Jerome Want, *pro se*,[1] brought this suit against his landlord, Defendant Shindle Properties, LLC, and its manager Defendant Michelle Miller-Thorpe (together, "Shindle"). Am. Compl. 1, ECF No. 13. Want contended that his apartment did not meet his needs and that Shindle failed to remedy the situation after Want complained. Am. Compl. 2-4. Accordingly, Want filed a nine-count complaint against Shindle, alleging breach of contract (Count 1); misrepresentation and fraud (Count 2); "Lack of Good Faith" (Count 3); gender discrimination, in violation of the Fair Housing Act, 42 U.S.C. § 3605 ("FHA") (Count 4); race discrimination (Count 5); disability discrimination, in violation of the FHA and state law (Count 6); retaliation, in violation of state and federal laws (Count 7); age discrimination, in violation of the Older Americans Act of 1965, 42 U.S.C. § 3001 *et seq.* (Count 8); and disability discrimination, in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213 (Count 9). Am. Compl. 4–10. Mr. Want now asks me to reconsider my June 28, 2019 Order, ECF No. 59, which granted in part Shindle's

---

[1] Although Plaintiff is representing himself, his correspondence states that he is a "PhD" and that he attended law school, but never took the bar exam. Sept. 11, 2018 Ltr., ECF No. 1-1.

Motion to Dismiss, ECF No. 32. Mot. Reconsider, July 22, 2019, ECF Nos. 61, 63. Mr. Want's motion shall be DENIED because he fails to provide any grounds for reconsideration.

Mr. Want does not provide a legal basis for making his motion to reconsider. However, I will construe it as a Rule 54(b) motion to reconsider an order that is not a final judgment. *See* Fed. R. Civ. P. 1; *Broadvox-CLEC, LLC v. AT&T Corp.*, 98 F. Supp. 3d 839, 850 (D. Md. 2015) (discussing Rule 54(b)); *Cezair v. JPMorgan Chase Bank, N.A.*, No. DKC-13-2928, 2014 WL 4955535, at *1 (D. Md. Sept. 30, 2014) (same) (citing *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469–70 (4th Cir. 1991)). Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). In my June 28, 2019 Order, I gave Mr. Want an opportunity to file a Second Amended Complaint, which could include any of his claims that have been dismissed without prejudice, provided that the claims are appropriately supported. Order 20. Therefore, my June 28, 2019 Order was not a final judgment, and Want's instant motion is governed by Rule 54(b). *Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 624-25 (4th Cir. 2015) (holding that a dismissal without prejudice for failure to state a claim upon which relief can be granted is not a final order when the plaintiff could have amended his complaint to cure pleading deficiencies).

Mr. Want has stated simply that he wants the court to reconsider "each and every count that the court dismissed with prejudice." Mot. Reconsider 1. In his supplemental filing, he adds an additional sentence stating that "the court has ignored several sections of Maryland Real

2

Property Code include §8-208" without any further explanation or argument, and he complains that "the court is biased against the plaintiff in this matter."[2] *Id.*

Mr. Want's motion does not meet the narrow criteria for granting a motion for reconsideration. *See Potter v. Potter*, 199 F.R.D. 550, 552 n.1 (D. Md. 2001) ("A motion for reconsideration is appropriate to 'correct manifest errors of law or fact or to present newly discovered evidence,' or where there has been an intervening change in controlling law." (citations omitted)); *see also Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Co. 1988) (observing that a motion for reconsideration "is not a license for a losing party's attorney to get a 'second bite at the apple'"; cited in *Potter*); *Pinney v. Nokia, Inc.*, 402 F.3d 430, 452–53 (4th Cir. 2005) (stating in dicta that these "rules of constraint . . . make sense when a district court is asked to reconsider its own order" because "'[w]ere it otherwise, then there would be no conclusion to motions practice, each motion becoming nothing more than the latest installment in a potentially endless serial that would exhaust the resources of the parties and the court—not to mention its patience'") (quoting *Potter*, 199 F.R.D. at 553); *Cezair*, 2014 WL 4955535, at *1 (noting that the standards for reviewing Rule 59(e) and 60(b) motions provide guidance for reviewing a Rule 54(b) motion). Because Mr. Want has failed to demonstrate grounds for reconsideration, his motion is DENIED.

Additionally, Mr. Want has attempted to file a Second Amended Complaint. *See* ECF No. 64. However, it includes causes of action that were dismissed with prejudice, it does not comply with this Court's Local Rules as ordered, and it does not appear to amend the claims that Mr. Want

---

[2] Mr. Want has previously questioned my impartiality and asked that I recuse myself from this case. *See, e.g.*, Ltr., Nov. 5, 2018, ECF No. 27; Mot. Recusal, filed Feb. 6, 2019, ECF No. 47; Mot. Reconsider, filed Feb. 19, 2019, ECF No. 50. As I have stated before, there is no reasonable factual basis for questioning my impartiality, and I have no personal bias or prejudice concerning any of the parties in this case. *See* Ltr. Orders, Nov. 9, 2018, ECF No. 29; Feb. 8, 2019, ECF No. 48. Mr. Want's motion for recusal was denied. *See id.* The circumstances have not changed, and Mr. Want has no basis for his perceptions of bias in this case. I have made every effort to accommodate every request for an extension of time as well as providing clarification regarding the rules of procedure that must be followed, and Mr. Want is again being given an opportunity to file an amended complaint.

was given the opportunity to amend. *See* Order 19-20. In a letter that Mr. Want included with his motion to reconsider, he asserts that he is being held to an improper level of scrutiny, the court "seems to be biased,"[3] and that he cannot find samples of how to state a claim. Ltr., ECF No. 61-1. I direct Mr. Want's attention back to my Order, which explains the reasoning why some of his claims must be dismissed with prejudice, even though the court liberally construes his allegations. *See, e.g.*, Order at 5-6. Further, I provided the elements of the claims and explained which elements of the claims had no factual allegations to support them. *Id.* I also suggest that Mr. Want review my Memorandum and Order denying his motion for a preliminary injunction, in which I concluded that he was not likely to succeed on the merits of any of his claims. Mem. Oct 29, 2018, ECF No. 24. Finally, I direct Mr. Want to this Court's website, www.mdd.uscourts.gov, where he can find a copy of this Court's Local Rules as well as some resources for filing without an attorney.

Under the circumstances, Mr. Want's amended complaint that he dated August 4, 2019 and was entered on the docket on August 8, 2019, ECF No. 64, is not accepted as filed, but he shall have one last opportunity to fix the errors and deficiencies and file a signed Second Amended Complaint that can be served upon the Defendants. Mr. Want may file a Second Amended Complaint within 30 days of the date of this Order if he can make plausible factual allegations to support the elements of a claim for (1) misrepresentation and fraud; (2) race, gender, or disability discrimination, in violation of the FHA; or (3) retaliation in violation of the FHA. Mr. Want's other claims have been dismissed with prejudice and may not be repleaded.[4] Successive failures to correct pleading deficiencies may warrant dismissal of this case with prejudice. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).

---

[3] *See* footnote 2.
[4] If any claims that have been dismissed with prejudice are repleaded, they will be stricken.

Accordingly, it is, this 31st day of October, by the United States District Court for the District of Maryland, hereby ORDERED that

1. Mr. Want's Motion for Reconsideration, ECF No. 61, is DENIED;

2. Within 30 days of the date of this Order, Mr. Want may file a signed Second Amended Complaint that corrects the deficiencies of his August 4, 2019 filing;[5] and

3. The Clerk SHALL PROVIDE a copy of this Order to the parties.

_____ 10/31/19
Paul W. Grimm
United States District Judge

---

[5] The instructions provided in my prior Order with regard to the filing of a Second Amended Complaint remain in effect and are repeated here for emphasis:
> 3. Plaintiff may file a Second Amended Complaint within three weeks of the date of this Memorandum Opinion and Order. Given that Plaintiff's Amended Complaint is 11 pages, Plaintiff's Second Amended Complaint will be no longer than 20 pages unless otherwise permitted by the Court. He must comply with this Court's Local Rules regarding formatting and identification of amendments. Loc. R. 102.2(b), 102.6(c). Failure to do so may result in the striking of noncompliant filings. The Second Amended Complaint may not include any of the claims that have been dismissed with prejudice, and any claims brought in the second amended complaint must be supported by a good faith factual and legal basis. Fed. R. Civ. P. 11;
> 4. If Plaintiff files a Second Amended Complaint, the U.S. Marshals will be directed to effect service of the summons and complaint in a manner that complies with the Federal and Maryland Rules of Civil Procedure, and Defendant's answer or renewed motion to dismiss will be due within two weeks of receipt of the Second Amended Complaint;
> 5. If Plaintiff does not file a Second Amended Complaint within three weeks of the date of this Memorandum Opinion and Order, his case will be dismissed in its entirety with prejudice.

Order 20, ¶¶ 3-5.